IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARON N. BOWER,<br><br>                    Plaintiff,<br><br>          vs.<br><br>FOSTER FARMS DAIRY, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. CV F 07-0917 LJO SMS<br><br>**ORDER ON DEFENDANTS' ALTERNATIVE MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT**<br>(Doc. 18.) |

**INTRODUCTION**

Defendants Foster Farms Dairy, Ron Foster ("Mr. Foster") and Dennis Bettencourt ("Mr. Bettencourt")[1] seek alternative F.R.Civ.P. 12(b)(6) dismissal or summary judgment of pro se plaintiff Baron Bower's ("Mr. Bower's") vague claims in connection with his 2002 settlement of employment claims against Foster Farms. This Court considered Foster Farms' alternative motions to dismiss and for summary judgment on the record and VACATES the December 11, 2007 hearing, pursuant to Local Rule 78-230(c), (h).[2] For the reasons discussed below, this Court proceeds on Foster Farms' F.R.Civ.P. 12(b)(6) motion and DISMISSES Mr. Bower's action.

---

[1] Defendants Foster Farms Dairy, Mr. Foster and Mr. Bettencourt will be referred to collectively as "Foster Farms."

[2] Mr. Bower filed no timely opposition papers.

1

# BACKGROUND

## Settlement Of Mr. Bower's Prior Action Against Foster Farms

In March 2002, Mr. Bower and five other former Foster Farms employees filed a Fresno County Superior Court action ("prior action") against Foster Farms to allege race discrimination, harassment and retaliation claims. Mr. Bower was represented by the Law Offices of Mayor Joseph L. Alioto and Angela Alioto. After mediation, the prior action parties entered into a December 4, 2002 General Release and Settlement Agreement ("settlement agreement").

The settlement agreement includes Mr. Bower's broad general release of claims, including those raised in the prior action and/or subject to various federal and California employment and discrimination laws (Title VII of the 1964 Civil Rights Act, California Fair Employment and Housing Act, Americans with Disabilities Act, and Age Discrimination in Employment Act). The settlement agreement also releases Mr. Bower's claims "with respect to any event, matter, claim, damage or injury arising out of Plaintiffs' employment relationships with Defendant, and the termination of any such relationships, and with respect to any other claim, matter, or event arising prior to execution of this Agreement." The settlement agreement further includes a California Civil Code section 1542 waiver to release "all unknown, unsuspected and unanticipated injuries and damages as well as those that are now disclosed."

Pursuant to the settlement agreement, Foster Farms agreed to pay Mr. Bower and his counsel what it characterizes as an (undisclosed) "substantial amount of money" and a "large amount" of attorney fees. Mr. Bower agreed to resign his employment and to not seek re-employment with Foster Farms.

The settlement agreement included a joint participation clause to acknowledge that the "parties hereon participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review and comment upon, and redraft this agreement." With the settlement agreement, Mr. Bower and the other plaintiffs acknowledged "that they have read the foregoing agreement, that they have had sufficient time and opportunity to review or discuss it with counsel of their choice, and that they fully understand and appreciate the meaning of each of its terms, and that it is a voluntary, full and final compromise, release and settlement of all claims, known or unknown, with respect to the claims identified and referred herein."

The parties' counsel approved the settlement agreement's form, and each party, including Mr. Bower, signed the settlement agreement.

### Mr. Bower's Current Claims

On June 26, 2007, Mr. Bower filed his complaint ("complaint") in this action. Although his complaint names Mr. Foster and Mr. Bettencourt as defendants, the complaint asserts no meaningful allegations against them. The complaint alleges that:

1. When he executed the settlement agreement, Mr. Bower was unable to make a decision for his and his family's best interests because he had been taking antidepressants;
2. Foster Farms controlled the mediation by rendering "unlawful" attorney fees to Mr. Bower's counsel;
3. The settlement agreement is unconstitutional and unconscionable;
4. Mr. Bower did not knowingly and voluntarily sign the settlement agreement; and
5. The settlement agreement "is the device intentionally used by Foster Farms Dairy with a reckless disregard towards the federally protected rights of those who are legally entitled to complain without rear of retaliation in hopes to prevent unlawful employment practices in the work place."

For relief, the complaint seeks "justice and law in the resolution of all claims," a "credible disclosure" of all settlement agreement issues, "right to employment" with back pay and benefits, attorney fees, punitive damages, and loss of "spousal consortium" and "parental consortium."

### DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

Foster Farms seeks dismissal of Mr. Bower's action on grounds that the settlement agreement is enforceable to bar his claims and that Mr. Bower's action is time barred. A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d

246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

In a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2 "Also, a court may consider documents which are not physically attached to the complaint but 'whose contents are alleged in [the] complaint and whose authenticity no party questions.'" *eCash Techs. Inc. v. Guagliardo*, 127 F.Supp.2d 1069, 1074 (C.D. Cal. 2000) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). As such, this Court may consider the settlement agreement although Mr. Bower did not attach it to his complaint.

Moreover, a limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings's scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and*

*Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978). If the limitations defense is not apparent on the complaint's face and the motion to dismiss is not accompanied by acceptable affidavits, an appropriate summary judgment motion may be employed. *Jablon*, 614 F.2d at 682.

With these standards in mind, this Court turns to the merits of Foster Farms F.R.Civ.P. 12(b)(6) motion.

### **Effective Release**

Foster Farms argues that the settlement agreement's broad release bars Mr. Bower's claims in this action. California Civil Code section 1541 provides: "An obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing, with or without new consideration." Generally, "a written release extinguishes any obligation covered by the release's terms, provided it has not been obtained by fraud, deception, misrepresentation, duress or undue influence." *Skrbina v. Fleming Companies, Inc.*, 45 Cal.App.4th 1353, 1366, 53 Cal.Rptr.2d 481 (1996) (general release of employment law claims included FEHA claims); *see Linsley v. Twentieth Century Fox Film Corp.*, 75 Cal.App.4th 762, 769, 89 Cal.Rptr.2d 429 (1999) ("A release of unlawful discrimination claims under the FEHA under the circumstances present here was fully enforceable."); *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2nd Cir. 1998) ("Accordingly, we hold that the release is unambiguous, was knowingly and voluntarily entered into, and therefore bars the plaintiff from bringing the present action."); *Bledsoe v. Palm Beach Cty. Soil & Water Conserv.*, 133 F.3d 816, 819 (11th Cir. 1998) ("an employee can waive his 'cause of action under Title VII as part of a voluntary settlement agreement' if 'the employee's consent to the settlement was voluntary and knowing'"). When a person with the capacity of reading and understanding an instrument signs it, he/she, in the absence of fraud and imposition, is bound by its contents and is estopped from saying that its provisions are contrary to his intentions or understanding. *Skrbina*, 45 Cal.App.4th at 1366, 53 Cal.Rptr.2d 481.

The settlement agreement reveals that experienced counsel negotiated a sizeable settlement for Mr. Bower through a meaningful mediation. The complaint's vague allegations fail to substantiate Mr. Bower's incapacity to contract, especially given his signature to the settlement agreement, which includes a joint participation provision to acknowledge that each party jointly negotiated the settlement agreement with opportunity to obtain advice, review and comment by legal counsel. The test of Mr.

Bower's competency is whether he understood the nature, purpose and effect of what he did. *See* Cal. Civ. Code, § 39; *Smalley v. Baker*, 262 Cal.App.2d 824, 832, 69 Cal.Rptr. 521 (1968). The complaint lacks allegations or grounds that Mr. Bower failed to understand the nature, purpose and effect of the settlement agreement, especially given his acknowledgment that he read and understood it. As noted by Foster Farms, the complaint does not allege facts that Mr. Bower "was substantially unable to resist fraud or undue influence at the time of mediation." No grounds are present to warrant an attempt to amend the complaint.

### Unconscionable Contract

The complaint further lacks allegations that the settlement agreement is the product of illegal or unconscionable purposes or actions, especially given that Foster Farms paid Mr. Bower handsomely to release his claims and sever employment. "The theory on which a release is held to bar a recovery is that the plaintiff has accepted payment in satisfaction or in compromise of his right of action, and has released and abandoned his right of action in consideration of the payment received." *Pellett v. Sonotone Corp.* 26 Cal.2d 705, 712, 160 P.2d 783 (1945). "Unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Williams v. Walker-Thomas Furniture Company,* 350 F.2d 445, 449 (D.C.Cir.1965). A provision is substantively unconscionable if it "involves contract terms that are so one-sided as to 'shock the conscience,' or that impose harsh or oppressive terms." *24 Hour Fitness, Inc. v. Superior Court,* 66 Cal.App.4th 1199, 1213, 78 Cal.Rptr.2d 533 (1998). The complaint fails to allege that Mr. Bower lacked a meaningful choice to accept his large settlement or that the settlement agreement was unreasonably favorable to Foster Farms. There are no complaints of Foster Farms' misconduct during the mediation and negotiation process to shock the conscience. The complaint reveals that after more than five years after the prior action's settlement, Mr. Bower seeks again to dip into the well which produced his lucrative settlement.

### Rescission

Foster Farms contends that Mr. Bower has failed to meet statutory requirements to rescind the settlement agreement. Foster Farms points to expiration of the four-year limitations period under California Code of Civil Procedure section 337.1(3) to seek rescission. Foster Farms notes Mr. Bower's

failure to comply "promptly" with California Civil Code section 1691 requirements to "[g]ive notice of rescission" and to "[r]estore to the other party everything of value which he has received from him under the contract." The filing of this action was Foster Farms' first notice of Mr. Bower's attempt to rescind the settlement agreement. Foster Farms further notes the absence of an allegation or offer to return the settlement payments to Foster Farms. *Star Pacific Investments, Inc. v. Oro Hills Ranch, Inc.*, 121 Cal.App.3d 447, 457, 176 Cal.Rptr. 546 (1981) (a plaintiff must generally restore to the defendant everything of value which the plaintiff has received from defendant under the agreement). Mr. Bower fails to plead a sufficient rescission claim, and an attempt at amendment is unwarranted given that Mr. Bower allowed the limitations period to expire prior to seeking rescission.

**Claims Against Individual Defendants**

The complaint makes no meaningful allegations against Mr. Foster and Mr. Bettencourt and merely names them in its caption. F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
>
> . . .
>
> (e) Pleading to be Concise and Direct; Consistency.
>
> (1) Each averment of a pleading shall be simple, concise and direct.

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements

of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which a defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

Mr. Bower's complaint does not adequately identify grounds for relief against Mr. Foster and Mr. Bettencourt to satisfy F.R.Civ.P. 8(a)(2). The complaint merely alleges a wrong has been committed and demands relief without specifying Mr. Foster and Mr. Bettencourt's particular wrongs. The complaint fails to provide Mr. Foster and Mr. Bettencourt fair notice and to state elements of a claim plainly and succinctly. Pleading deficiencies prevent this Court from proceeding on claims against Mr. Foster and Mr. Bettencourt.

Moreover, Foster Farms demonstrates that Mr. Bower's federal employment claims may not be asserted against Mr. Foster and Mr. Bettencourt as "employers." *See* 42 U.S.C. § 2000e(b) (Title VII); 29 U.S.C. § 630(b) (Age Discrimination in Employment Act); 42 U.S.C. § 12111(2) (Americans with Disabilities Act). No apparent facts will cure deficiencies of claims against Mr. Foster and Mr. Bettencourt.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court;

1. DISMISSES this action with prejudice; and
2. DIRECTS this Court's clerk to enter judgment in favor of defendants Foster Farms Dairy, Ron Foster and Dennis Bettencourt and against plaintiff Baron N. Bower.

IT IS SO ORDERED.

**Dated:   November 29, 2007**                    /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE